UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHNNIE MERTICE WESLEY,

        Petitioner,

v.                                                         Case No. 18-cv-00052-pp

BRIAN FOSTER,

        Respondent.

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1) AND REQUIRING RESPONDENT TO FILE AN ANSWER OR RESPONSIVE PLEADING**

---

On January 9, 2018, Johnnie Mertice Wesley, who is proceeding without a lawyer, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his July 3, 2018 judgment of conviction in Milwaukee County Circuit Court for felony murder. Dkt. No. 1. He has paid the $5.00 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

**I.    Background**

According to the petitioner, he pled guilty to felony murder, and on July 2, 2014, the Milwaukee County Circuit Court sentenced him to twenty years confinement followed by seven years extended supervision. Dkt. No. 1 at 3. The court entered judgment a day later. Id.

The petitioner filed a direct appeal on March 23, 2016. Id. at 4. He challenged the circuit court's denial of his motion to suppress statements that he made to the police. He argued that the police "failed to scrupulously honor [his] Fifth Amendment right to remain silent" and violated his unequivocally invoked Fifth Amendment right to remain silent in their third interview with him (in which he admitted to the crime with which he was charged). Id.; Dkt. No. 1-2 at 3; Dkt. No. 1-4 at 2, 4-5. The Wisconsin Court of Appeals affirmed the judgment of conviction on July 6, 2016. Dkt. No. 1 at 4. The Wisconsin Supreme Court denied the petitioner's petition for review on October 11, 2016. Id. The petition filed this federal *habeas* petition on January 9, 2018. Dkt. No. 1.

**II.     Rule 4 Screening**

   A.     Standard

Rule 4 of the Rules Governing §2254 Proceedings provides:

> If it plainly appears form the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the

2

"Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court;" or (2) "a decision that was based on an unreasonable application determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000)

3

B. The Petition

The petitioner alleges two grounds for relief in an attachment to his petition: (1) the police "did not scrupulously honor [his] invocation of his Fifth Amendment right to remain silent;" and (2) the petitioner unambiguously invoked his Fifth Amendment right to remain silent in his third interview. Dkt. No. 1-2 at 1-4.

Both grounds for relief alleged by the petitioner revolve around three interrogations the police conducted while he was in custody. The interrogating officers ended each of the first two interrogations after the petitioner indicated that he did not wish to speak to them. Id. at 2. The petitioner argues that he unambiguously invoked his Fifth Amendment right to remain silent at several points in the third interview, through statements such as "ain't nothing to talk about doe," "I ain't got shit to say about no homicide," and "can I go back to my cell now?". Id. at 3-4. The police continued the interrogation until the petitioner eventually confessed to murdering the victim. Id. at 1, 3. The petitioner later filed a motion in the circuit court to suppress the statements he made to the police, but after a hearing the circuit court denied that motion. Id. at 3.

The petitioner has stated cognizable claims under the Fifth Amendment, which protects defendants from self-incrimination and places certain obligations on police officers while questioning persons in custody. These are claims for which the court could grant *habeas* relief (if the petitioner has properly exhausted his claims and if, after briefing, the court finds that the

claims have merit; this order does not reach any conclusion on whether the petitioner has exhausted his remedies, or proven his claims).

## III. Conclusion

The court **ORDERS** that the petitioner may proceed on the claims in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

The parties must submit their pleadings in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages and reply briefs may not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding entered into between the Wisconsin Department of Justice (DOJ) and the U.S. District Clerk of Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days from the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 17th day of January, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**