UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHNNIE MERTICE WESLEY,

        Petitioner,

    v.                                    Case No. 18-cv-52-pp

RANDALL HEPP,

        Respondent.

**ORDER GRANTING UNOPPOSED MOTION TO
SUPPLEMENT APPELLATE RECORD (DKT. NO. 45)**

On October 31, 2022, the petitioner filed a notice of appeal of this court's denial of his petition for a writ of *habeas corpus*. Dkt. No. 39. On November 1, 2022, the clerk's office transmitted the notice of appeal and docket sheet to the Seventh Circuit. Dkt. No. 41. While preparing the petitioner's appellate brief, the petitioner's counsel discovered that the clerk's office had not transmitted the CDs containing the audio recordings of the February 6, 2014 and February 7, 2014 police interviews of the petitioner to the Seventh Circuit; on March 17, 2023, the petitioner filed this unopposed motion to supplement the appellate record. Dkt. No. 45.

The petitioner explains that in state court, he moved to suppress his inculpatory statements "on the grounds they were obtained after law enforcement failed to scrupulously honor his right to remain silent, and after [the petitioner] unequivocally invoked his right to cut off questioning in the

1

middle of the interview." Id. at 2. In his federal *habeas* petition, the petitioner alleged that the Wisconsin Court of Appeals' ruling affirming the circuit court's denial of the suppression motion (and the Wisconsin Supreme Court's denial of his petition to review) constituted an unreasonable application of federal law. Dkt. No. 1-2 at 1-4. The petitioner argues that the CDs containing the recordings of the interviews was an exhibit filed in this court and should be part of the record on appeal under Federal Rule of Appellate Procedure 10(a)(1). Dkt. No. 45 at 3. The petitioner explains that briefing is currently underway in the Seventh Circuit. Id.

Federal Rule of Appellate Procedure 10(a)(1) states that the record on appeal shall include "the original papers and exhibits filed in the district court." Rule 10(e) allows a party to supplement the appellate record "if anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e)(2). The district court may forward a supplemental record before or after the record has been forwarded to the court of appeals. Fed. R. App. P. 10(e)(2)(B). The purpose of the rule is "to ensure that the record reflects what really happened in the district court." Gallo v. Mayo Clinic Health System-Franciscan Med. Ctr., Inc., 907 F.3d 961, 964 (7th Cir. 2018) (quoting United States v. Banks, 405 F.3d 559, 567 (7th Cir. 2005)).

According to the docket, on March 19, 2019, the respondent filed two discs containing videos as exhibits 14 and 15 to his answer to the petition. Dkt. No. 9. Because the CDs were filed with this court, they should be included in the record on appeal. The court will grant the unopposed motion to

2

supplement the record on appeal with the two CDs, filed as exhibits 14 and 15 to the respondent's answer and order the Clerk of Court to transmit the CDs to the Seventh Circuit.

The court **GRANTS** the unopposed motion to supplement the appellate record with CD of custodial interviews. Dkt. No. 45.

The court **ORDERS** that the Clerk of Court must supplement the record with the CDs containing exhibits 14 and 15 to the respondent's answer, dk. no. 9, and must transmit them to the Seventh Circuit.

Dated in Milwaukee, Wisconsin this 28th day of March, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**

3